W. W. HAYNES v. A. L. SIMONS, Assignee, et al.

**Laches — Revival of Action.**

> An appellant filed an answer to a cause of action setting out a good
> defense thereto, at the October term of court, 1860, and March, 1861, was
> transferred to the equity docket after a survey was made as set out in
> the answer. The case was continued till October term, 1863, when one
> of the defendants died, and the case was continued without effort to
> revive the action. Appellee (complainant) at the April term, 1865, took
> a rule against appellant to prepare for trial at the July term, but case
> lingered on the docket until October, 1866, when judgment was rendered
> against appellant. *Held*, that appellant was guilty of gross negligence,
> and not entitled to relief.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

June 12, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

Some of the facts stated in appellant's answer and cross-petition
certainly presented a good defense to the action and would have
entitled him to the relief he sought if the facts alleged had been
sustained by the evidence and his cross-action had been properly
prepared and prosecuted, but the title bond, which he alleged he
held on Asberry, was not filed and properly made an exhibit in
the cause. J. R. Underwood, in whom he alleged that legal title
to the land for which the notes were given was, he did not make
a defendant to his cross-action.

The answer, made a cross-petition, was filed at the October
term, 1860, of the Circuit Court, and an order of survey entered,
and the cause transferred to the equity docket; at the March term,
1861, the surveyor filed his report and the cause was continued,
and it was then continued at each successive term of the court
without any other order, except the appointment of attorneys to
defend for the nonresidents, until the October term, 1863, when
the death of the defendant, Joseph Asberry, was suggested, and it
was then continued without any effort to revive the action or to
prepare it, or any order made in the case until the April term,
1865, when appellee took a rule against appellant to prepare the
case for trial at the next term of the court, and although that rule

was actually served in July, 1865, not a step was taken to prepare the case for trial, although it lingered on the docket until the October term, 1866, of the court, when the judgment now complained of was rendered.

A want of attention and care, such as is disclosed in this record on the part of appellant, amounting to reckless negligence, should not be indulged, and if loss and injury follow, they must be accepted as the natural consequence of the love of ease, or an indifference to that which interests most men — their own interest.

Wherefore, the judgment is affirmed.

*Haswell & Rodman,* for Appellant.

*Allen,* for Appellees.